

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY JONES, | : | |
| Petitioner/Defendant | : | Civ. No. |
| | : | [Underlying |
| v. | : | Criminal Action No.] 94-67-RRM |
| | : | |
| UNITED STATES OF AMERICA, | : | 05- 840 |
| | : | |
| Respondent/Plaintiff | : | |

PETITION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO TITLE 28 U. S. C. § 2255

Mr. Anthony Jones was sentenced in Federal District Court to 235 months incarceration for violations of 21 U.S.C. § 841. The United States Supreme Court has recently confirmed that the protections embodied in the Sixth Amendment, as explained in Blakely v. Washington, 124 S.Ct. 2531 (2004), do, in fact, apply to the Federal Sentencing Guidelines. United States v. Booker, 125 S.Ct. 738 (2005). Consequently, Mr. Jones' sentence, which incorporated judicial factfinding under a preponderance standard was imposed in violation of Mr. Jones' Sixth Amendment rights. Because the District Court sentenced Mr. Jones under a mandatory guideline system that required such findings of fact, his sentence must be vacated and subsequently corrected, pursuant to 28 U.S.C. § 2255. Despite the Third Circuit's decision in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), this pleading is intended to preserve Mr. Jones' challenge that

the Supreme Court's decision in Booker should be applied retroactively to cases that became final prior to Booker.

Again, if this Court deems that Blakely, and likewise, Booker, announced a new rule of procedural law, then this Court must determine the retroactivity of these cases via the test laid out in Teague v. Lane, 489 U.S. 288 (1989). Teague directs that "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding[]" be given retroactive effect. Schriro, 124 S.Ct. at 2523 (quoting Teague, 489 U.S. at 311). "[T]he rule must be one 'without which the likelihood of an accurate conviction is *seriously* diminished.'" Id.

I.    Schriro v. Summerlin, 124 S.Ct. 2519 (2004), Does Not Foreclose Retroactive Application of Blakely/Booker.

To support the uncertain assertion that Blakely is not applicable to defendants whose convictions had become final on direct review before Blakely was decided, the government is likely to rely heavily upon Schriro v. Summerlin, 124 S.Ct. 2519 (2004). However, Summerlin is, at best, only minimally instructive to the retroactivity of Blakely, and now, Booker. Summerlin merely addressed one minor component of Blakely/Booker, that is, "the allocation of factfinding responsibility between the judge and jury." United States v. Siegelbaum, CR No. 02-179-01-PA (D. Or. Jan. 28, 2005).

In Summerlin, the Supreme Court held that the Sixth Amendment protections embodied in Ring v. Arizona, 536 U.S. 584 (2002) (holding that

aggravating circumstances that make a defendant eligible for the death sentence must be proved to a jury rather than a judge), do not apply retroactively because judicial factfinding, as opposed to jury factfinding, does not seriously diminish the accuracy of criminal proceedings. Summerlin, 124 S.Ct. at 2525. However, "[t]here is a second component to Blakely/Booker that [Summerlin] did not address, namely, that facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence." Siegelbaum, CR No. 02-179-01-PA, at *6. The Supreme Court expressly acknowledged, in Summerlin, that this second component was not at issue, and therefore not yet determined. Summerlin, 124 S.Ct. at 2522 n. 1.

II.   Supreme Court Precedent Actually Indicates That the Decisions of Blakely and Booker Are to Be Applied Retroactively.

In Teague, the Supreme Court explained that through a "combination of holdings," the "Court can make a rule retroactive." 533 U.S. at 666. Mr. Jones hereby argues that such a combination of holdings does, indeed, exist. Judge Panner of the United States District Court for the District of Oregon explains as follows:

> "The Supreme Court has acknowledged that the standard of proof can significantly impact factfinding accuracy and society's confidence in the result. In re Winship, 397 U.S. 358, 363 (1970). ("The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error") and at 364 ("the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law"); Ivan V. v. City of New York, 407 U.S. 203, 205 (1972) (purpose of reasonable doubt standard is "to overcome an aspect of

3

a criminal trial that substantially impairs the truth-finding function, and <u>Winship</u> is thus to be given complete retroactive effect"); <u>Hankerson v. North Carolina</u>, 432 U.S. 233 (1977) (giving retroactive effect to rule requiring proof of all elements of crime beyond a reasonable doubt and voiding presumptions that shift burden of proof to defendant)."

<u>Siegelbaum</u>, CR No. 02-179-01-PA, at *6. Thus, a brief look at the Supreme Court's holdings concerning both the significance and consequent retroactivity of employing the reasonable doubt standard to factfinding indicates that the Supreme Court has already suggested that <u>Blakely</u> and <u>Booker</u> are to be applied retroactively. Surely then, as explained above, a simple citation to <u>Summerlin</u> misses the point.

III.  Under <u>Booker</u>, this Court Would Have Numerous Options in Resentencing Mr. Jones.

In <u>Booker</u>, the United States Supreme Court severed and excised 18 U.S.C.A. § 3553(b)(1) from the Sentencing Reform Act of 1984. As a result of this recent precedent, the guidelines are now advisory and are only one factor to take into consideration upon sentencing. 18 U.S.C.A. § 3553 now instructs this Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of punishment as set out in § 3553(a)(2). While this Court must still "consult" the Federal Sentencing Guidelines in determining the appropriate sentence for Mr. Jones, the Court is "not bound to apply the guidelines." Furthermore, "[t]he courts of appeals review sentencing decisions for unreasonableness." Consequently, Mr. Jones would urge this Court to freely exercise the considerable discretion now afforded to the district courts.

The Supreme Court, having severed and excised subsection (b)(1) from 18 U.S.C.A. § 3553, has now left the guidelines as only one significant factor to be considered when determining sentence for a particular defendant. Among the factors to be considered are:

> "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the [guidelines]
> (5) any pertinent policy statement [in the guidelines]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense."

18 U.S.C.A. § 3553. With these factors in mind, this Court could resentence Mr. Jones within the prescribed guideline range that includes guideline enhancements, or the Court could resentence Mr. Jones within the guideline range without such enhancements. Likewise, the court would have the discretion to sentence Mr. Jones outside of these guideline ranges, if it deemed such a sentence to be "sufficient, but not greater than necessary, to comply with the purposes" of punishment as set out in § 3553(a)(2). United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (holding that district court's sentencing under

mandatory sentencing regime constituted plain error); see generally United States v. Hughes, 401 F.3d 540 (4th Cir. 2005) (holding that district court's sentencing under mandatory sentencing regime constituted plain error). Ultimately, the Court has greater options under Booker, and Mr. Jones respectfully requests that this Court utilize this discretion to impose sentence as it sees appropriate.

## CONCLUSION

Mr. Jones requests that this Court vacate the existing Judgment based upon constitutional error and resentence him while considering the Supreme Court's recent holding in United States v. Booker, 125 S.Ct. 738 (2005).

Anthony Jones
Register # 03639-015
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Dated: 12/1/05