IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | Criminal Action No. 94-67-KAJ |
| v. ) | |
| ) | Civil Action No. 05-840-KAJ |
| ANTHONY JONES, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## RESPONSE TO § 2255 MOTION

The United States responds to Defendant's section 2255 Motion as follows:

**Timeliness**

1.  The Defendant's section 2255 Motion is untimely. It was filed on or about December 1, 2005.[1]

**Procedural Background**

2.  The Defendant was charged by indictment, entered guilty pleas, and was sentenced to 235 months sentence on or about July 12, 1995. (D.I. 122). There followed a direct appeal, which was docketed in the Court of Appeals as No. 95-7408. (D.I. 123, 128). On December 15, 1995, the Court of Appeals affirmed the convictions and sentence in an unpublished opinion. The mandate was issued and docketed in the District Court on January 19, 1996. (D.I. 133).

---

[1] For a person in custody, the filing date is the date on which the motion is put into the U.S. mails. The Government assumes that the date on the motion is the date that it was mailed.

3. Post-conviction, in 2000, the Defendant filed a Motion to Modify Sentence, which does not appear to have been resolved. (D.I. 152, 154, 155, 156, 158). There followed this section 2255 motion, which is therefore his first section 2255 motion.

**Issue Raised**

4. The Defendant alleges in his section 2255 motion one ground for relief. He claims that his sentence was unconstitutionally enhanced because of the sentencing Court's reliance on the then-mandatory Sentencing Guidelines, which were subsequently declared unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct.738 (2005).

**Argument**

5. A section 2255 motion has to be filed within one year of when the time to file starts to run. Section 2255 provides four different possible starting points, and provides that the time starts to run from the latest of the four. In most cases, the time starts to run from "the date on which the judgment of conviction becomes final." For someone like the movant, who did not petition for certiorari, a conviction becomes final ninety days after the Court of Appeals affirms. That date would be about March 15, 1996. However, the effective date of the one-year statute of limitations was April 24, 1996. Since that date is later than the date when the Defendant's conviction became final, it is used as the starting point. Thus, the Defendant had until April 24, 1997, to file a section 2255 motion based on when his conviction became final.

6. Section 2255 provides for three other possible starting points for the statute of limitations. In this case, the only one that is conceivably relevant is subsection (3), which provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review." The holding of *United States v. Booker*, 125 S.Ct.738 (2005), is not retroactive, and so therefore does not provide any basis for collateral relief. *See United States v. Lloyd*, 407 F.3d 608, 616 (3d Cir.), *cert. denied*, 126 S.Ct. 288 (2005). Thus, the Defendant's claim should be denied, as it is barred by the statute of limitations. *See United States v. Salawu*, 2005 WL 1421819 (D.Del. June 17, 2005) (Farnan, J.) (dismissing and denying section 2255 motion based on *Booker*).

**WHEREFORE**, since the available records show conclusively that the Defendant is not entitled to relief, the Court should deny the motion without a hearing.

COLM F. CONNOLLY
United States Attorney

By: *[signature]*
Richard G. Andrews
First Assistant United States Attorney

Dated: January 26, 2006

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 94-67-KAJ |
| v. ) | |
| ) | Civil Action No. 05-840-KAJ |
| ANTHONY JONES, ) | |
| ) | |
| Defendant/Petitioner. ) | |

I, Sharon Bernardo, an employee of the Office of the United States Attorney for the District of Delaware, hereby certify under penalty of perjury that on January ___, 2006, I served the foregoing:

### RESPONSE TO § 2255 PETITION

by causing two copies of said document to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to pro se defendant/petitioner as follows:

    Anthony Jones
    Reg. No. 03639-015
    FCI Fairton
    P.O. Box 429
    Fairton, NJ  08320

*[signature]*