IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. 05-840-SLR |
| | ) Cr. A. No. 94-67-SLR |
| | ) |
| ANTHONY JONES, | ) |
| | ) |
| Movant/Defendant. | ) |

**MEMORANDUM OPINION**[1]

---

Anthony Jones. Pro se movant.

Edmond Falgowski, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

February 19, 2008
Wilmington, Delaware

---

[1] This case was re-assigned from the Vacant Judgeship to the undersigned on January 30, 2008.

ROBINSON, Judge

## I. INTRODUCTION

Anthony Jones ("movant") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 167) Respondent filed an answer in opposition. (D.I. 176) For the reasons discussed, the court will deny movant's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On March 6, 1995, movant pled guilty to six counts of a superseding indictment charging him with possession and distribution of varying amounts of cocaine base (aka crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) ,(b)(1)(A), (b)(1)(B), 21 U.S.C. § 846, and 18 U.S.C. § 2. (D.I. 96) The Honorable Murray M. Schwartz sentenced movant to 235 months of imprisonment on July 12, 1995. (D.I. 122) The Court of Appeals for the Third Circuit affirmed movant's conviction and sentence on December 15, 1995, and issued a mandate dated January 19, 1996. (D.I. 133)

Movant filed the instant § 2255 motion on December 6, 2005, alleging that his "sentence . . . incorporated judicial factfinding under a preponderance standard . . . in violation of [his] Sixth Amendment rights" pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). (D.I. 167, at p. 1). Respondent filed an answer asking the court to deny the § 2255 motion as time-barred under the one-year statute of limitations contained in 28 U.S.C. § 2255. (D.I. 176)

## III. DISCUSSION

Although movant cites Blakely as one of the authorities for his § 2255 motion, the issue he raises challenges the court's application of the federal sentencing

guidelines and is more appropriately raised pursuant to Booker. See Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005). Therefore, the court will consider the claim as solely raising a Booker violation.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. See 28 U.S.C. § 2255; Miller v. New Jersey State Dep't of Corrs., 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling). The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In movant's case, § 2255 (1) and (3) provide the possible starting date for the one-year limitations period.[2]

The Third Circuit's mandate affirming movant's conviction and sentence was issued on January 19, 1996, and he did not petition for certiorari. As a result, movant's conviction became final on April 24, 1996, and he had until April 24, 1997 to file a timely

---

[2]Movant does not allege, nor can the court discern, any facts triggering the application of § 2255(2) or (4).

§ 2255 motion. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); United States v. Duffus, 174 F.3d 333, 335 (3d Cir. 1999); Wilson v. Beard, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period). Movant, however, did not file the instant § 2255 motion until December 1, 2005, and he has not alleged any extraordinary circumstances beyond his control that would toll the running of the limitations period. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). Accordingly, the § 2255 motion is time-barred under § 2255(1).

Nevertheless, movant argues that the motion is timely under § 2255(3) because Booker should be applied retroactively. This argument is unavailing. The Third Circuit Court of Appeals has held that "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued." Lloyd, 407 F.3d at 616. As just explained, movant's judgment of conviction became final on April 24, 1997, well before the Booker decision was issued. Accordingly, the motion is time-barred under § 2255(3) as well.[3]

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the petitioner

---

[3]This opinion does not address whether movant may seek re-sentencing based on the retroactive application of the new crack cocaine sentencing guidelines in the November 1, 2007 amendments to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1, which may be grounds for a sentencing reduction effective March 3, 2008 by operation of 18 U.S.C. § 3582(c)(2).

is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief. Therefore, the court will deny movant's § 2255 motion without an evidentiary hearing.

**V.    PENDING MOTIONS**

Movant filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the November 1998 amendment to United States Sentencing Guideline 5K2.0. Movant contends he is entitled to a downward departure based on educational accomplishments, drug rehabilitative efforts, and self-improvement measures occurring after his 1995 sentencing. (D.I. 152) Although movant's rehabilitative efforts are commendable, the court lacks authority to downwardly depart based on post-sentencing rehabilitation. United States v. Medley, 168 F. Supp. 2d 293, 297 (D. Del. 2001)(rejecting argument that court may award downward departure for post-sentencing rehabilitative conduct based on United States v. Sally, 116 F.3d 76 (3d Cir. 1997)). Accordingly, movant's motion for modification is denied.

Movant also filed a motion for modification of sentence under 28 U.S.C. § 1651. (D.I. 155) To the extent movant is attempting to proceed by writ of coram nobis under § 1651, the court cannot grant relief because movant is still in custody. United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). To the extent movant is seeking audita querela relief under § 1651, such relief is also unavailable. The ancient writ of audita querela was used to attack a judgment that was correct when it was rendered but later

became incorrect as a result some legal defense arising after it was issued. See, e.g., Doe v. INS, 120 F.3d 200, 203 n.4 (9th Cir. 1997). Here, movant's rehabilitative efforts do not demonstrate a legal defect in movant's conviction. Accordingly, movant's § 1651 motion is denied in its entirety.

**VI.   CONCLUSION**

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.